IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KERRY COHEE RICHARDSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 22-CV-335-RAW-DES |
| | ) | |
| **NOLAN PHILPOTT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This civil rights action pursuant to 28 U.S.C. § 1983 is before the Court on Plaintiff's motion for appointment of counsel and Defendants' motions to dismiss. The Court has before it for consideration Plaintiff's complaint (Dkt. 1), his motion for appointment of counsel (Dkt. 25), Defendants' motions (Dkts. 16, 19), and Plaintiff's response to Defendants' motions (Dkt. 21).

Plaintiff is a pro se pretrial detainee who is incarcerated at the Muskogee County Jail in Muskogee, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring during a "mental health call" at his residence and after he was taken into custody. The defendants are Nolan Philpott and Christopher Rochell, both Muskogee County Police Officers, and the Muskogee Police Department.

**Plaintiff's Allegations**

Plaintiff alleges that on or about October 28, 2020, his family called 9-1-1 because of concern about his mental health. Upon their arrival at Plaintiff's residence, Defendant Officers Philpott and Rochell allegedly disregarded the fact that it was a mental health call, and searched him on his front porch and threw several punches. Plaintiff's mother screamed for them to stop and that he needed mental health attention, but the officers allegedly continued to punch him, twist his arms, and "knee" him. The officers said Plaintiff was going to jail. They then dragged him to the patrol car where

Plaintiff asked what he had done. The officers punched him again and forced him into the patrol car. He was left in the car for about thirty minutes before being transferred into the sally port of the jail. At the direction of the jail nurse, he was taken to the hospital, where a catheter was forced into his penis, and he allegedly did not receive proper attention. (Dkt. 1 at 5).

Plaintiff asserts he suffered injuries to his head, back, collar bone, shoulder, private area, and the back of his neck. He allegedly still is seeing doctors for his mental and physical injuries. *Id.* Plaintiff maintains that at the time of the assault, he was an active client of Green Country Behavioral Health Services, Inc. and was diagnosed with PTSD, a mental health disorder. He contends the officers failed to protect him on the mental health welfare call. *Id.* at 6.

**Motion for Appointment of Counsel**

On July 5, 2023, Plaintiff filed a motion for appointment of counsel (Dkt. 25). He alleges he is proceeding *in forma pauperis*, but he makes no specific arguments in support of his motion.

Plaintiff bears the burden of convincing the Court that his claim has sufficient merit to warrant such appointment. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The Court has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering Plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the Court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Therefore, Plaintiff's motion for appointment of counsel (Dkt. 25) is DENIED.

**Standard of Review for Defendants' Motions to Dismiss**

Under Fed. R. Civ. P. 12(b)(6), a complaint should be dismissed for failure to state a claim upon which relief can be granted "only when it appears that the plaintiff can prove no set of facts in support that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quoting *Sutton v. Utah State School for the Deaf & Blind*, 173 F.3d 1226 (10th Cir. 1999)).

In assessing a motion to dismiss, the Court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285-86 (10th Cir. 2011), *cert. denied*, 565 U.S. 1201 (2012) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to

state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*.

**Defendant Muskogee Police Department**

Defendant Muskogee Police Department (MPD) has filed a motion to dismiss, alleging among other things that the MPD is not a suable entity (Dkt. 16). Citing *Ketchum v. Albuquerque Police Dep't*, No. 91-2200, 1992 WL 51481 (10th Cir. Mar. 12, 1992) (unpublished), the MPD asserts it is a department within the City of Muskogee that is not a separate entity capable of being sued. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity"), *vacated on other grounds by Tyus v. Martinez*, 475 U.S. 1138 (1986). Courts in this circuit have repeatedly determined that local police departments do not have legal identities apart from the municipalities or counties that they serve. *See, e.g., Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 n.1 (10th Cir. 2002) (unpublished); *Ketchum v. Albuquerque Police Dep't*, No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992) (unpublished).

Here, the Court finds that because the MPD is not a suable entity, Plaintiff has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Therefore, Defendant Muskogee Police Department's motion to dismiss (Dkt. 16) is GRANTED.

**Defendants Nolan Philpott and Christopher Rochell**

Defendants Philpott and Rochell have filed a motion to dismiss, alleging Plaintiff's complaint

4

is barred by the applicable statute of limitations (Dkt. 19). "Federal law controls questions relating to accrual of federal causes of action. A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993) (citations omitted). *See also Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). In particular, "[a] civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (citations and internal quotations omitted). *See also Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

State law controls the determination of the statute of limitations and the application of tolling in a federal civil rights action. *Board of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 485 (1980). The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988), *abrogated on other grounds as recognized by Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760 (10th Cir. 2013); Okla. Stat. tit. 12, § 95(A)(3). According to Plaintiff, the incidents giving rise to his claims occurred on or about October 28, 2020. His claims, therefore, were or should have been apparent on that date. Absent tolling, the limitation period for this action expired two years later on October 28, 2022. Plaintiff asserts he placed his complaint in the jail's legal mail system November 21, 2022 (Dkt. 1 at 8),[1] more than three weeks after his deadline had passed.

"[W]hen the dates given in the complaint make clear that the right sued upon has been

---

[1] "An inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988).

extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations omitted). Neither Plaintiff's complaint nor his response to the motions to dismiss (Dkt. 21), however, offers a basis for tolling the statute of limitations. Therefore, Defendants Philpott and Rochell's motion to dismiss (Dkt. 19) is GRANTED.

**ACCORDINGLY,**

1. Plaintiff's motion for appointment of counsel (Dkt. 25) is DENIED.
2. Defendant Muskogee Police Department's motion to dismiss (Dkt. 16) is GRANTED.
3. Defendants Nolan Philpott and Christopher Rochell's motion to dismiss (Dkt. 19) is GRANTED.
4. All remaining pending motions are DENIED as moot.
5. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

Dated this 17th day of July, 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA